IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | No. CIV S-10-0033-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| E. McATEE, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: E. McAtee, B. Amos, D. Amos, Hrabak, and Turner.[1]  Plaintiff claims:

> My 4th, 8th, and 14th Amendments of the U.S. Constitution were violated in that, on March 9th, 2009, at 5125 Atlanta Way in Sacramento, CA at approx. 3:20 a.m. as I attempted to flee from the Sacramento County Sheriff's Department's K-9 unit, I was shot as I exited a shed by Deputy E. McAtee of the above mentioned department.  I was struck by several 12 gauge 00 buck pellets in the upper left portion of my back, and the back of my neck.  Subsequently, I was mauled by the K-9 unit Deputy's canine partner Jesse, and needlessly assaulted by cover officers, Deputy D. Amos, Sgt. Turner, both of the above mentioned department.  Deputy Hrabak, also of said department, did nothing to prevent these acts from happening.  Deputy B. Amos left his canine partner on my leg approx. 1 min. after I'd been handcuffed.  I was then dragged out of the front of the residence, from the backward, before being checked for gunshot wounds.

///
///
///
///
///

---

[1] The court's docket indicates that the Sacramento County Sheriff's Department is also a named defendant.  The Clerk of the Court is directed to delete Sacramento County Sheriff's Department as a listed defendant.

2

## II.  DISCUSSION

The gravamen of plaintiff's complaint is that he was subjected to excessive force during the course of his arrest.  Specifically, he claims that, while attempting to flee sheriff's officers, he was shot, assaulted, and then mauled by a police dog.  On the facts currently pleaded, however, plaintiff's claim is less than plausible given his statement that force was used only after he attempted to flee the officers.  Further, plaintiff has not alleged injuries consistent with the use of excessive force.  As to the alleged mauling by the police dog, plaintiff states that the dog attacked his leg, but does not allege any injuries to that portion of his body.  Plaintiff will be given an opportunity to amend the complaint in order to allege more factual detail surrounding the circumstances of the use of force to accomplish his arrest.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to delete Sacramento County Sheriff's Department as a named defendant;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: May 6, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE