IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,   No. CIV S-10-0033-LKK-CMK-P

    Plaintiff,

  vs.   FINDINGS AND RECOMMENDATIONS

E. McATEE, et al.,

    Defendants.

                                 /

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 11).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: E. McAtee, B. Amos, D. Amos, Hrabak, Turner, and Rhalf.[1]  Plaintiff claims defendants used excessive force during the course of his arrest on March 9, 2009.  Plaintiff alleges the following facts:

> I was found to be hiding in a garden tool shed on someone's property at 5125 Atlanta Way, Sacramento California.  Although 'found' the officers did not know who was in the shed.  A K-9 Unit deputy's canine partner had alerted him (Brian Amos) to the 'presence of human odor' approx. 90 min. into a search for a suspect.  These officers were searching for a black male wearing a red jacket and blue jeans.  It was approx. 3:15 a.m. when the canine alerted deputy B. Amos that 'someone' is in the shed.

Plaintiff admits that he then attempted to flee and that defendant McAtee shot him to stop him from escaping.  He also admits that he was ordered by defendant McAtee to come out of the shed but that he did not do so.  Plaintiff adds that he was then "brought down" by the canine.  He also claims that after he was brought down defendant Turner hit him several times with a flashlight and that defendant D. Amos kicked him in the face and arms.  He states that after he was handcuffed "the canine was allowed to chew on my leg for no less than 45-50 seconds."  Plaintiff states that defendant B. Amos released the dog to maul him.  Plaintiff claims defendants Hrabak and Rhalf witnessed the conduct of the other defendants but did nothing to stop it.  As to injuries, plaintiff claims he sustained a broken left shoulder blade, fractured ribs, and partial paralysis of the face.  As to his leg, plaintiff claims that he is disfigured and that his left calf is swollen and

---

[1] By separate order, the Clerk of the Court will be directed to update the docket to include Rhalf, who is named for the first time in the amended complaint.

causes him daily pain.

The court finds that plaintiff has not stated a plausible claim as against defendant McAtee. Plaintiff admits that the officer only fired after plaintiff was ordered to come out of the shed, plaintiff failed to do so, and then plaintiff attempted to flee the investigating officers. On these facts as alleged by plaintiff and which the court assumes for the moment to be true, it cannot be said that officer McAtee used excessive force.[2]

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendant McAtee. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendant McAtee be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] By separate order the court finds that service of the amended complaint is appropriate for the remaining defendants.