# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,         No. CIV S-10-0033-LKK-CMK-P

    Plaintiff,

  vs.        <u>ORDER</u>

E. McATEE, et al.,

    Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California Local Rules.

      On July 30, 2010, the Magistrate Judge filed findings and recommendations ("F&Rs") herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire

1  file, this court declines to adopt the findings and recommendations.

## I. BACKGROUND

Plaintiff alleges that the Sacramento County Sheriff's Department and six of its officers employed excessive force in executing his arrest in violation of his Fourth, Eighth, and Fourteenth Amendment rights. (First Amended Complaint ("FAC") at 1, 3). His claims arise out of his arrest on March 9, 2009, when plaintiff was attempting to flee from a garden tool shed in the backyard of the residence located at 5125 Atlanta Way in Sacramento, CA. Id. at 1-2. Plaintiff claims that he was shot by Deputy E. McAtee as he ran from the shed and was struck in the back and neck. Id. at 2. Plaintiff was subsequently "brought down" by Deputy B. Amos's canine partner, Jesse. Id. at 3. Deputy D. Amos then kicked plaintiff several times in the face and arms, and Sgt. C. Turner struck him several times with a flashlight. Id. Plaintiff further alleges that Deputy D. Amos allowed the canine to "chew on [plaintiff's] leg for no less than 45-50 seconds" after he had been handcuffed. Id. at 3-4. The remaining officers on the scene, Deputies Hrabak and Rhalf, witnessed the other officers' actions, but did nothing stop them. Id. at 4.

Plaintiff claims that as a result of being shot, he sustained a broken left shoulder blade, fractured ribs, and partial facial paralysis. Id. As a result of the canine bite, plaintiff claims that he is disfigured, that his calf is swollen, and that it causes him pain daily. Id.

Based on the aforementioned facts, the Magistrate Judge concluded that plaintiff has not set forth any evidence which states a plausible claim against Deputy McAtee. F&Rs at 3. He explains that "on [the] facts as alleged by plaintiff . . . it cannot be said that officer McAtee used excessive force." The court cannot agree.

## II. ANALYSIS

All allegations of excessive force, whether deadly or not, are analyzed under the objective reasonableness standard of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, (1989); Tennessee v. Garner, 471 U.S. 1, 11 (1985); see also Bryan v. MacPherson, 608 F.3d 614, 620 (9th Cir. 2010). In Graham, the Court held that "[d]etermining whether the force used to

effect a particular seizure is reasonable under the Fourth Amendment requires balancing . . . the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham,490 U.S. at 396 (internal quotation marks omitted).

Garner articulated a more specific analysis for determining the reasonableness of the use of deadly force in effecting a seizure, explaining that it is unreasonable to prevent the escape of an nondangerous suspect by using deadly force unless "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." Garner, 471 U.S. at 11. Deadly force is defined as force creating a substantial risk of causing death or serious bodily injury. See Smith v. City of Hemet, 394 F.3d 689, 704-07 (9th Cir. 2005) (en banc).

Here, the Magistrate Judge found that plaintiff failed to state a claim against Deputy McAtee because the Deputy "only fired [at plaintiff] after plaintiff was ordered to come out of the shed, . . . failed to do so, . . . and then attempted to flee." F&Rs at 3. Plaintiff asserts that at the time he was shot, he was running from the officers, with his back towards Deputy McAtee, and that he posed no threat to the officers or civilians in the area. FAC at 3. Accepting the plaintiff's allegations as true and viewing them in the light most favorable to the plaintiff, Deputy McAtee fired a deadly weapon at a fleeing suspect that posed no danger to the officers or to others.

Further, even if the officer's act of firing at plaintiff as he fled was determined to be a non-deadly use of force, the officer's use of force would nevertheless be subject to a determination of reasonableness under the Fourth Amendment, and the Ninth Circuit has clearly stated that "[b]ecause questions of reasonableness are not well-suited to precise legal determination, the propriety of a particular use of force is generally an issue for the jury." Chew v. Gates, 27 F.3d 1432, 1440-41 (9th Cir. 1994) (citing Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991), cert. denied, 505 U.S. 1206, 112 S. Ct. 2995 (1992)). Thus, the court finds that plaintiff has stated a claim against Deputy McAtee.

1    Accordingly, IT IS HEREBY ORDERED that:

2    The court declines to adopt the findings and recommendations, ECF No. 18. Defendant

3 McAttee is not dismissed from the instant action.  The underlying suit is returned to the

4 Magistrate Judge for further proceedings not inconsistent with this order.

5    IT IS SO ORDERED.

6    DATED: November 2, 2010.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```