IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | No. 2:10-CV-0033-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| E. McATEE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1  issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be
2  viewed together before reaching a decision.  See id.
3         In the present case, the court does not at this time find the required exceptional
4  circumstances.  Here, plaintiff has been able to articulate his position adequately throughout the
5  case.  Moreover, the legal and factual issues are not overly complex.   Finally, given the difficult
6  standard plaintiff faces in establishing deliberate indifference, the court cannot say that there is a
7  likelihood of success on the merits.
8         Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the
9  appointment of counsel (Doc. 62) is denied.

  DATED:  August 2, 2012

                                    _____
                                    **CRAIG M. KELLISON**
                                    UNITED STATES MAGISTRATE JUDGE