1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ANTHONY JONES,                    No. 2:10-CV-0033-LKK-CMK-P

12              Plaintiff,

13      vs.                           FINDINGS AND RECOMMENDATIONS

14  E. McATEE, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.

19              Defendants move to dismiss this case as an appropriate discovery sanction for

20  plaintiff's refusal to attend his noticed deposition.  According to defendants' evidence, plaintiff

21  was served with a deposition notice on August 2, 2011.  Prison mail records, plaintiff received

22  the deposition notice on August 4, 2011, for a deposition to take place on September 8, 2011.

23  Defendants' counsel appeared at the prison on September 8, 2011, for the purpose of taking

24  plaintiff's deposition but was told by correctional staff that plaintiff refused to attend his

25  deposition.  While plaintiff denies having received the deposition notice, he provides no evidence

26  to this effect.  He simply says that prison mail records are inaccurate.  Moreover, plaintiff does

1

1 | not address at all defendants' contention that, on the day of his deposition, he refused to attend.

2 |      Sanctions are appropriate for a refusal to attend a deposition.  <u>See</u> <u>Estrada v.</u>

3 | <u>Rowland</u>, 69 F.3d 405, 406 (9th Cir. 1995).  Under the Federal Rules of Civil Procedure, the

4 | court may dismiss the action as an appropriate sanction for a discovery violation.  <u>See</u> Fed. R.

5 | Civ. P. 37(d)(c); 37(b)(2)(A)(v).  In this case, plaintiff's unjustified refusal to attend his

6 | deposition warrants dismissal of the action.  It is reasonable to conclude that, had there been a

7 | legitimate reason for plaintiff not to attend his deposition on September 8, 2011, plaintiff would

8 | have informed prison officials of that reason.  It is apparent from plaintiff's opposition to the

9 | instant motion to dismiss that he did not attend his deposition because he felt he needed the

10 | assistance of counsel.  Given the court's July 22, 2011, order denying the appointment of

11 | counsel, this is not a valid reason justifying the discovery violation in this case.

12 |      Rule 37(d)(3) requires this court to order plaintiff to pay reasonable expenses,

13 | including attorney's fees.  According to counsel's declaration, counsel spent ten hours preparing

14 | for and traveling to the deposition.  At a reasonable rate of $150.00 per hour, this expense comes

15 | to $1,500.00.  In addition, counsel expended $150.00 for the court reporter.  Thus, a total

16 | monetary sanction in the amount of $1,650.00 must be ordered.

17 | / / /

18 | / / /

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

1          Based on the foregoing, the undersigned recommends that:

2         1.     Defendants' motion to dismiss (Docs. 53 & 55) be granted;

3         2.     This action be dismissed;

4         3.     Plaintiff be ordered to pay $1,650.00 in required monetary sanctions;

5         4.     Plaintiff's pending motion for default (Doc. 59) be denied as moot; and

6         5.     The Clerk of the Court be directed to enter judgment and close this file.

7          These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9   after being served with these findings and recommendations, any party may file written

10  objections with the court.  Responses to objections shall be filed within 14 days after service of

11  objections.  Failure to file objections within the specified time may waive the right to appeal.

12  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14   DATED:  August 10, 2012

16  **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

3