1

2

3

4

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ANTHONY JONES,                                        No. 2:10-CV-0033-LKK-CMK-P

             Plaintiff,

     vs.                                                      <u>ORDER</u>

E. McATEE, et al.,

             Defendants.

_____/

     Plaintiff, a prisoner proceeding pro se, brings this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On August 13, 2012, the Magistrate Judge issued findings and recommendations, recommending that: (1) Defendants' motion to dismiss, ECF Nos. 53, 55, be granted; (2) Plaintiff be required to pay $1,650.00 in monetary sanctions; and (3) Plaintiff's motion for default, ECF No. 59, be denied.

     The findings and recommendations were served on all parties and contained notice that the parties may file objections within fourteen days.  Plaintiff has filed timely objections to the findings and recommendations.

     In accordance with the provisions of 28 U.S.C. 636(b)(1)(c) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court declines to adopt the findings and recommendations in this case for the reasons provided

1    below.

2                                        **I. BACKGROUND**

3    **A. Plaintiff's Complaint**

4           Plaintiff Anthony Jones makes the following factual allegations in his first amended civil

5    rights complaint.[1]

6           Plaintiff alleges that the Sacramento County Sheriff's Department and six of its officers

7    employed excessive force in executing Plaintiff's arrest in violation of his Fourth, Eighth, and

8    Fourteenth Amendment rights.  His claims arise out of his arrest on March 9, 2009, when

9    Plaintiff was attempting to flee from a garden tool shed in the backyard of the residence located

10   at 5125 Atlanta Way in Sacramento, CA.  Plaintiff claims that he was shot by Deputy E. McAtee

11   as he ran from the shed and was struck in the back and neck.  Plaintiff was subsequently

12   "brought down" by Deputy B. Amos's canine partner, Jesse.  Deputy D. Amos then kicked

13   Plaintiff several times in the face and arms, and Sgt. C. Turner struck him several times with a

14   flashlight.  Plaintiff further alleges that Deputy D. Amos allowed the canine to "chew on

15   [Plaintiff's] leg for no less than 45-40 seconds" after he had been handcuffed.  The remaining

16   officers on the scene, Deputies Hrabak and Rhalf, witnessed the other officers' actions, but did

17   nothing to stop them.

18          Plaintiff claims that as a result of being shot, he sustained a broken left shoulder blade,

19   fractured ribs, and partial facial paralysis.  As a result of the canine bite, Plaintiff claims that he

20   is disfigured, that his calf is swollen, and that it causes him pain daily.

21   **B.  Intervening Proceedings**

22          On July 30, 2010, the Magistrate Judge found that Plaintiff had "not stated a plausible

23   claim against [D]efendant McAtee," and recommended that Defendant McAtee be dismissed**.**

24   _____

25          [1]  The allegations appear in the Plaintiffs' First Amended Complaint, ECF No. 11, at 1-4,
     unless otherwise specified.  The allegations are taken as true for purposes of this motion only.
26   See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

                                                    2

1   Findings & Recommendations, ECF No. 18.  By order issued November 30, 2010, this court

2   declined to adopt the Magistrate Judge's findings and determined that Defendant McAtee was

3   not to be dismissed from the instant action.  Order, ECF No. 27.

4          On August 26, 2010, Plaintiff filed a motion for assistance of counsel.  Pl's Mot., ECF

5   No. 20.  Plaintiff asserted that, due to his "lack of legal knowledge" and "lack of law library

6   exposure," it would be impossible for him to follow the orders of the court without legal

7   assistance.  Id.  Plaintiff's motion was denied by the Magistrate Judge on August 31, 2010.

8   Order, ECF No. 22.

9          On November 3, 2010, Plaintiff renewed his motion for assistance of counsel, arguing

10  that he is "a mental health patient at a California Medical Health Facility/Mental Health Crisis

11  Bed Facility," he "doesn't know when he'll be released from mental health's services," and he is

12  "currently taking psychiatric medications, and is diagnosed with severe depression among other

13  illnesses."  Pl's Mot., ECF No. 29.  The Magistrate Judge denied Plaintiff's motion on December

14  10, 2010.  Order, ECF No. 36.

15         On December 7, 2010, Plaintiff filed a third motion for appointment of counsel, noting

16  that he "is without funds to hire counsel and without funds to pay costs or for experts," his

17  relative inexperience as a "jailhouse lawyer," and the complexity of the legal and factual issues

18  that may arise in his case.  Pl's Mot., ECF No. 35.  The Magistrate Judge denied Plaintiff's

19  motion on January 21, 2011.  Order, ECF No. 38.

20         On July 14, 2011, Plaintiff filed a fourth motion for appointment of counsel.  Pl's Mot.,

21  ECF No. 49.  To support his assertion that he has written to "several legal agencies/organizations

22  all to no avail," Plaintiff attached response letters addressed to Plaintiff from, inter alia, the

23  ACLU of Northern California, the National Police Accountability Project, Kumin Sommers,

24  LLP, the Law Offices of Boskovich & Appleton, the Law Offices of Brian A. Vogel, the Prison

25  Law Office, the Penal Law Project, the Law Office of Mark E. Merin, and the Hawkins Center of

26  Rubicon Programs, Inc., all of which notified Plaintiff that they were unable to assist in

1   Plaintiff's case.  Id. at 6-35.  The Magistrate Judge denied Plaintiff's motion on July 22, 2011.

2   Order, ECF No. 51.

3        On May 15, 2012, Plaintiff filed a fifth motion for appointment of counsel, again noting

4   the complexity of his case, his limited access to the law library, and his limited knowledge of the

5   law.  Pl's Mot., ECF No. 62.  The Magistrate Judge denied Plaintiff's motion on August 3, 2012.

6   Order, ECF No. 64.

7   **C.  Defendants' Motion for the Sanction of Dismissal**

8        On October 3, 2011, Defendants McAtee, B. Amos, D. Amos, Hrabak, and Turner filed a

9   motion for the sanction of dismissal, pursuant to Federal Rule of Civil Procedure 37(d), and

10  requested that the court require Plaintiff to pay defense counsel reasonable expenses, including

11  attorney's fees and court reporter costs.  Defs' Mot., ECF No. 53.

12       Defendants assert that "[o]n August 2, 2011, Defendants served Plaintiff with a notice of

13  deposition scheduled for September 8, 2011" and that "[d]efense counsel and a court reporter

14  arrived at the prison on September 8, 2011, but Plaintiff refused to appear for his deposition."

15  Id. at Att. 1, at 1.  Defendants further note that "[a]ccording to the correctional officer charged

16  with escorting Plaintiff to his deposition, Plaintiff was dressed but stated that he did not want to

17  go" and that the officer further indicated that "Plaintiff did not appear ill and still went out to

18  yard time."  Id. at 2.  Finally, Defendants contend that "[a]t no time prior to the scheduled

19  deposition did Plaintiff notify defense counsel that he would not or could not appear for his

20  deposition."  Id.

21       To support their assertion that Plaintiff was served with a notice of his deposition,

22  Defendants attach a proof of service via U.S. mail, as well as a legal mail log dated August 4,

23  2011, bearing a signature next to an item addressed to "Jones" from Defendants' counsel.

24  Defendants' attorney, Amanda L. Butts**,** attests that the mail log is a "true and correct copy of

25  California State Prison, Sacramento's Legal Mail Log, dated August 4, 2011."  Butts Decl., ECF

26  No. 53, Att. 2, Exs. A, B.

1      As an alternative to their motion for the sanction of dismissal, Defendants moved for an

2 order modifying the scheduling order to extend the time to conduct discovery, to allow

3 Defendants an opportunity to conduct Plaintiff's deposition, and for an order compelling

4 Plaintiff to comply with Defendants' Notice of Deposition.  Defs' Mot., ECF No. 55.

5      In opposition to Defendants' motion, Plaintiff denies having received the notice of

6 deposition and asserts that the signature on the legal mail log is not Plaintiff's.  Pl's Opp'n, ECF

7 No. 56.  Plaintiff admits that he was told that he had a legal visit on the morning of September 8,

8 2011, but asserts that he questioned the officer regarding the purpose of the visit and the officer

9 "said something in reference to the parole committee."  Id. at 2.  Plaintiff asserts that he "replied

10 by telling Officer Lynch that he has 75 years to life, so parole wouldn't be there to see him."  Id.

11 Plaintiff notes that he "has been cooperative with Defense Attorneys in that Plaintiff willfully

12 signed release forms for all medical, dental, and mental health records for Defense Attorneys to

13 examine."  Id.[2]  Plaintiff further submits that he "would be willing to be deposed by defense

14 attorneys," but "would request that the court appoint a representative to protect Plaintiff's

15 interests during this deposition."  Id.

16 **D.  Plaintiff's Motion for Default**

17      On November 23, 2011, Plaintiff filed a motion for default as to Defendant Rhalf,

18 arguing that, although Defendant Rhalf was served with the complaint, the defendant has failed

19 to file an answer.  Pl's Mot., ECF No. 59.

20      The docket indicates that Defendant Rhalf was served with a copy of the summons and

21 complaint on June 30, 2011.  Summons Returned Executed, ECF No. 47.  Defendant Rhalf has

22 not joined in any of the other defendants' filings in this case, nor has Defendant Rhalf filed any

23 ////

24 ////

25

26    [2]  Defendants do not contest Plaintiff's assertion in this regard.  See generally Defs'
Reply, ECF No. 57.

1  answers, motions, or responses on his own behalf.[3]

2  **E.  Magistrate Judge's Findings & Recommendations**

3      On August 13, 2012, the Magistrate Judge issued findings and recommendations,

4  recommending that Defendants' motion to dismiss be granted and that Plaintiff be ordered to pay

5  $1,650.00 in monetary sanctions.  Findings and Recommendations, ECF No. 65, at 3.  The

6  Magistrate Judge determined that "[i]t is apparent from plaintiff's opposition to the instant

7  motion to dismiss that he did not attend his deposition because he felt he needed the assistance of

8  counsel . . . . this is not a valid reason justifying the discovery violation in this case."  Id. at 2.

9      The Magistrate Judge further recommended denying Plaintiff's motion for default as

10  moot.  Id. at 3.

## II. ANALYSIS

12  **A. Defendants' Motion for the Sanction of Dismissal**

13      A district court has the discretion to impose the extreme sanction of dismissal, pursuant

14  to Federal Rule of Civil Procedure 37, if there has been "flagrant, bad faith disregard of

15  discovery duties."  Porter v. Martinez, 941 F.2d 732, 733 (9th Cir. 1991) (citing Wanderer v.

16  Johnston, 910 F.2d 652, 655-56 (9th Cir. 1990)).  Because the sanction of dismissal is such a

17  harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the

18  public's interest in expeditious resolution of litigation; (2) the court's need to manage its

19  dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

20  disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id. (internal

21  citations omitted).

22      The public's interest in expeditious resolution of litigation, the court's need to manage its

23  docket, and the prejudice to Defendants from Plaintiff's failure to appear for his deposition

24

25      [3] The electronic filing system indicates that Defendants' motion to dismiss, ECF No. 53,
    is filed on behalf of Defendant Rhalf.  However, the motion itself appears to be filed on behalf
26  of all defendants other than Rhalf.  See id. at 1.

1  weigh slightly in favor of the Magistrate Judge's recommendation of dismissal in this case.

2      The public policy favoring disposition of cases on their merits, however, mitigates

3  against dismissal.  Additionally, instead of dismissing Plaintiff's action for failure to appear to a

4  deposition, where the circumstances surrounding Plaintiff's failure to appear were unresolved

5  and contested, the Magistrate Judge could have issued a warning to Plaintiff that repeated

6  failures to appear would result in dismissal.  At the very least, other alternatives should have

7  been more fully explored before dismissal.  Because less drastic sanctions were available in this

8  case, the court cannot find that dismissal was warranted.

9      Moreover, given Plaintiff's creditable explanations for his failure to attend the September

10  8, 2011 legal visit, his apparent cooperation with Defendants' counsel regarding the release of

11  his medical, dental, and mental health records, and his stated willingness to attend defense

12  counsel's deposition in the future, the court cannot find that Plaintiff's actions rise to the level of

13  "flagrant, bad faith disregard of discovery duties."

14      Thus, the court cannot agree that the extreme sanction of dismissal is appropriate in this

15  case.

16  **B. Defendants' Request for Monetary Sanctions**

17      Federal Rule of Civil Procedure 37(d)(3) provides that "[i]nstead of or in addition to

18  these sanctions [listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act,

19  the attorney advising that party, or both to pay the reasonable expenses, including attorney's

20  fees, caused by the failure, unless the failure was substantially justified or *other circumstances*

21  *make an award of expenses unjust*."  Fed.R.Civ.P. 37(d)(3)  (emphasis added).

22      Throughout the pendency of this case, Plaintiff has asserted that he is indigent.  See, e.g.,

23  Pl's Mot. for IFP, ECF No. 2; Pl's Mot. for Appointment of Counsel, ECF No. 35.  Given

24  Plaintiff's indigent status, and the fact that Plaintiff is currently in prison, where his ability to

25  access or earn funds is severely curtailed, the imposition of a $1,650.00 monetary sanction is

26  inappropriate.

1   The court, therefore, cannot agree with the Magistrate Judge's findings in this regard.

2   **C. Plaintiff's Motion for Default**

3   Because the court does not find that dismissal is an appropriate sanction based on the

4   facts here presented, Plaintiff's motion for default against Defendant Rhalf is no longer moot.

5   <center>**III. CONCLUSION**</center>

6   Accordingly, the court DECLINES to adopt the findings and recommendations filed

7   August 13, 2012, ECF No. 65, and REMANDS the case to the magistrate judge for

8   reconsideration of the findings and recommendations consistent with this order.[4]

9   IT IS SO ORDERED.

10   DATED: September 28, 2012.

11

12

13   _____
     LAWRENCE K. KARLTON

14   SENIOR JUDGE
     UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25   [4] It is up to the Magistrate Judge as to whether counsel should be appointed for the
     plaintiff.  The court notes, however, that in the absence of counsel, the Magistrate Judge has a
26   heavy burden of assuring that plaintiff's rights are being protected.