IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,                               No. 2:10-CV-0033-LKK-CMK-P

      Plaintiff,

  vs.

E. McATEE, et. al.,

      Defendants.                    <u>ORDER</u>

      Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. §1983. This case will be referred to Magistrate Judge Dale A. Drozd to conduct a settlement conference on February 28, 2013, at 10:00 a.m. in Courtroom #27. Plaintiff is to appear by video conference from his place of incarceration.

      A separate order and writ of habeas corpus ad testificandum will issue with this order.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. This case is set for a settlement conference before Magistrate Judge Dale A. Drozd on February 28, 2013, at 10:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, in Courtroom #27. Plaintiff shall appear by video conference from his place of detention.

      2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." <u>United States v. United States District Court for the</u>

1

   3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

   4. At least 21 days before the settlement conference, Plaintiff SHALL submit to Defendant by mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, no later than 14 days before the settlement conference, Defendant SHALL respond, by **telephone or in person**, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate. If a settlement is reached, defense counsel is to immediately contact the chambers of Judge Drozd and file a Notice of Settlement.

   5. If settlement is not informally achieved, each party SHALL provide a confidential settlement conference statement to the following email address: dadorders@caed.uscourts.gov so they arrive **no later than February 21, 2013**. Plaintiff shall mail his confidential settlement conference statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so it **arrives no later than February 21,**

---

Northern Mariana Islands, _F.3d_, 2012 WL 3984406 at *1, *4 (9th Cir. Sept. 12, 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6  F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

**2013.** Parties are to file a Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court nor served on any other party.  Settlement statements shall be clearly marked "CONFIDENTIAL" with the date and time of the settlement conference indicated prominently thereon.  The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a    A brief statement of the facts of the case.

    b    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c    A summary of the proceedings to date.

    d    A specific dollar estimate of the cost, and time, to be expended for further discovery, pretrial, and trial.

    e    The relief sought.

    f    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g    A brief statement of each party's expectations and goals for the settlement conference.

DATED:  December 5, 2012

                                            */s/ Craig M. Kellison*
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE