IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES, | No. 2:10-CV-0033-LKK-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| E. McATEE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are the following motions: (1) plaintiff's motion for sanctions (Doc. 82); (2) plaintiff's motion to compel (Doc. 84); (3) plaintiff's motion for appointment of an investigator and expert (Doc 87); and (4) defendants' motion to withdraw deemed admissions (Doc. 89).  Defendant Rhalf's pending motion to dismiss (Doc. 91) is addressed by separate findings and recommendations.

/ / /

/ / /

/ / /

/ / /

## I.  RELEVANT PROCEDURAL HISTORY

On October 16, 2012, the court ordered that, consistent with the court's April 15, 2011, order, the parties may conduct discovery until March 15, 2013.  Pursuant to the April 15, 2011, order, all discovery requests were required to be served by the cut-off date, with any motions to compel filed within 60 days from the cut-off date.

## II.  DISCUSSION

### A.   Plaintiff's Motion for Sanctions (Doc. 82)

Plaintiff seeks sanctions in connections with his deposition taken on January 31, 2013.  According to plaintiff, defendants' counsel "acted with deliberate bad faith when they deposed him during the course of the settlement conference proceedings that begin [sic] on December 5, 2012. . . ."[1]  Plaintiff states that defendants' counsel agreed, when they requested the settlement conference, not to depose plaintiff ". . .during the course of the settlement conference proceedings. . . ."  Plaintiff asserts that the scheduling of his deposition violated this understanding.  For sanctions, plaintiff seeks an order precluding defendants from using his deposition testimony in any further proceedings, from taking a subsequent deposition, or from filing a motion for summary judgment.

In response, defendants' counsel states, by way of declaration, that plaintiff was housed at Kern Valley State Prison when the parties agreed to a settlement conference.  Due to the travel distance and associated expense, counsel opted to not schedule plaintiff's deposition until after the settlement conference.  Upon learning, however, of plaintiff's short-term transfer to the Sacramento County Jail for matters related to his state court criminal case, counsel (who is located in Sacramento) determined that it would be most cost-advantageous to depose plaintiff while he was located in Sacramento as well.  Counsel also decided that a settlement conference

---

[1]   An order signed on December 5, 2012, setting a scheduling conference for February 28, 2013.

would be more productive in light of a clarification of plaintiff's claims which his deposition would provide.

The court finds that plaintiff has not established bad faith on the part of defendants' counsel. Specifically, while he claims that there was some sort of "understanding" or promise on the part of defendants' counsel, plaintiff offers no support (such as a confirming letter) for this contention, and counsel does not confirm any such promise in his declaration. Rather, the evidence before the court shows that the timing of plaintiff's deposition was based on cost-savings considerations, which the court cannot fault. Moreover, the court notes that plaintiff never sought relief from the court prior to his deposition by way of, for instance, a motion to quash or for a protective order.

### B. Plaintiff's Motion to Compel (Doc. 84)

Plaintiff argues that defendants have completely failed to respond to two discovery requests served on February 12, 2013, and February 21, 2013, respectively. Plaintiff attaches as Exhibit A and Exhibit B the discovery requests at issue. Exhibit A consists of "Plaintiff's Interrogatories and Production of Documents" and "Plaintiff's Request for Admissions," both signed and purportedly served on February 12, 2013. Exhibit B consists of "Plaintiff's Request for Production of Documents," signed and purportedly served on February 21, 2013. Both proofs of service are signed by plaintiff and state that he accomplished service by placing the documents in sealed envelopes and then placing those envelopes in the U.S. Mail.

In opposition, defendants' counsel states that the first time he became aware of the discovery requests was when plaintiff filed the instant motion to compel, and questions the veracity of plaintiff's proofs of service showing that the discovery requests were served on February 12th and 21st, respectively. According to emails between counsel and prison mailroom officials, the mailroom log does not reflect any mailings to defendants' counsel since November 15, 2012.

/ / /

In his reply, plaintiff states that the discovery requests were served by his fiancé, Ms. Lisa Fountain, who resides in Citrus Heights, California. In support, plaintiff attaches a May 23, 2013 declaration from Ms. Fountain who states that she served the discovery requests.

The court finds that plaintiff's discovery requests were not properly served. According to the only proofs of service on file – supplied by plaintiff – <u>he</u> and not Ms. Fountain served the discovery requests. The proofs of service bear his signatures along with plaintiff's declarations that he served the documents. Plaintiff, however, admits that he did not serve the documents and asserts that Ms. Fountain served them. Thus, by plaintiff's own admission, the only proofs of service on file are inaccurate. Because they are admittedly inaccurate, they cannot establish service of the discovery requests on defendants' counsel. To reflect proper service by Ms. Fountain, plaintiff would be required to submit proofs of service, signed <u>by Ms. Fountain</u> under penalty of perjury, reflecting the manner in which <u>she</u> served the documents. Given that no such proofs of service have been submitted, there is no evidence of proper service of the discovery requests. Because they were not properly served, defendants had no obligation to respond.

   **C.**   **Plaintiff's Motion for Appointment of an Investigator and Expert (Doc. 87)**

Plaintiff seeks appointment of individuals to assist him with discovery. Plaintiff's request was filed on April 26, 2013. Given that the request was filed after the close of discovery, it is untimely.

   **D.**   **Defendants' Motion to Withdraw Deemed Admissions**

Defendants seeks an order relieving them of matters set forth in plaintiff's February 12, 2013, request for admissions being deemed admitted under Federal Rule of Civil Procedure 36(a)(3) by way of failure to respond. Because, as discussed above, the court finds that none of the February 2013 discovery requests was properly served, relief from Rule 36(a)(3) is unnecessary. No matters set forth in the February 12, 2013, discovery request are deemed admitted.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (Doc. 82) is denied;

2. Plaintiff's motion to compel (Doc. 84) is denied;

3. Plaintiff's motion for appointment of an investigator and expert (Doc. 87) is denied; and

4. Defendants' motion to withdraw deemed admissions (Doc. 89) is denied as unnecessary as no matters have been deemed admitted.

DATED:  March 12, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE