IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JONES,                                     No. 2:10-CV-0033-LKK-CMK-P

        Plaintiff,

    vs.                                              FINDINGS AND RECOMMENDATIONS

E. McATEE, et al.,

        Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Rhalf's motion to dismiss (Doc. 91).

**I. PLAINTIFF'S ALLEGATIONS**

       This action proceeds on the first amended complaint against defendants McAtee, Brian Amos, Turner, D. Amos, Hrabak, and Rhalf. The following summary of plaintiff's allegations is drawn from the District Judge's November 3, 2010, order:

> Plaintiff alleges that the Sacramento County Sheriff's Department and six of its officers employed excessive force in executing his arrest in violation of his Fourth, Eighth, and Fourteenth Amendment rights. His claims arise out of his arrest on march 9, 2009, when plaintiff was attempting to flee from a garden tool shed in the backyard of the residence

1

located at 5125 Atlanta Way in Sacramento, CA. Plaintiff claims that he was shot by Deputy E. McAtee as he ran from the shed and was struck in the back and neck. Plaintiff was subsequently "brought down" by Deputy B. Amos's canine partner, Jesse. Deputy D. Amos then kicked plaintiff several times in the face and arms, and Sgt. C. Turner struck him several times with a flashlight. Plaintiff further alleges that Deputy D. Amos allowed the canine to "chew on [plaintiff's] leg for no less than 45-50 seconds" after he had been handcuffed. The remaining officers on the scene, Deputies Hrabak and Rhalf, witnessed the other officers' actions, but did nothing to stop them.

Plaintiff claims that, as a result of being shot, he sustained a broken left shoulder blade, fractured ribs, and partial facial paralysis. As a result of the canine bite, plaintiff claims that he is disfigured, that his calf is swollen, and that it causes him pain daily.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

1  raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain
2  "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has
3  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
4  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at
5  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
6  than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.
7  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,
8  it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.
9  (quoting Twombly, 550 U.S. at 557).
10          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials
11  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
12  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)
13  documents whose contents are alleged in or attached to the complaint and whose authenticity no
14  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
15  and upon which the complaint necessarily relies, but which are not attached to the complaint, see
16  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
17  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
18  1994).
19          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
20  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
21  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

### III. DISCUSSION

Defendant argues that, as a matter of law, he cannot be held liable as a mere bystander because integral participation is required for liability under § 1983. Here, plaintiff alleges that defendant Rhalf is liable because he witnessed the conduct of the other officers and did nothing. Plaintiff does not allege that defendant Rhalf was in any way a participant in the conduct of the other officers and specifically alleges that he did nothing. Given the facts as alleged by plaintiff, the court agrees with defendant Rhalf that plaintiff cannot, as a matter of law, state a claim against him. See Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996); see also Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004).

### IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Rhalf's motion to dismiss (Doc. 91) be granted and that defendant Rhalf be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE