IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. McATEE, et al.,<br><br>　　　　　Defendants. | No. 2:10-cv-0033-LKK-CMK-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On March 13, 2014, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. No objections to the findings and recommendations have been filed.

The court has reviewed the file. For the reasons set forth infra the court declines to adopt the findings and recommendations.

The matter is before the court on the motion of defendant Rhalf for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The magistrate judge recommends the motion be granted and defendant Rhalf dismissed with prejudice. Findings and Recommendations filed March 13, 2014 (ECF No. 100) at 4. The

1

claims at bar arise from an incident on March 9, 2009 that led to plaintiff's arrest. Id. at 1-2 (quoting Order filed November 3, 2010). Plaintiff alleges, inter alia, that he was subjected to excessive force when he was shot by one sheriff's deputy, "brought down" by the dog of defendant Deputy B. Amos, kicked in the face and arms by defendant Amos, and struck several times with the flashlight by a third sheriff's deputy. Plaintiff alleges that the defendant Amos allowed the dog to "'chew on [plaintiff's] leg for no less than 45-50 seconds'" after he had been handcuffed." Id. (quoting November 3, 2010 Order). Relying on Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) and Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004), the magistrate judge concludes that plaintiff has not alleged "that defendant Rhalf was in any way a participant in the conduct of the other officers and specifically alleges that he did nothing." Findings and Recommendations (ECF No. 100) at 4.

This action is proceeding on plaintiff's first amended complaint, filed May 27, 2010. In relevant part, plaintiff alleges as follows:

> On March 9, 2009, at approx. 3:20 a.m., I, Anthony Jones, was the victim of excessive use of force in several ways by several officers of the law.
>
> I was found to be hiding in a garden tool shed on someone's property at 5125 Atlanta Way, Sacramento California. Although 'found' the officers did not know who was in the shed. A K-9 Unit deputy's canine partner had alerted him (Brian Amos) to the 'presence of human order [sic]' approx. 90 min. into a search for a black male wearing a red jacket and blue jeans. It was approximately 3:15 am. when the canine alerted deputy B. Amos that 'someone' is in the shed. Deputies D. Amos, E. McAtee, Hrabak, Sgt. C. Turner (all of Sac. Co. Sherriff's [sic] Dept) and Officer Ralf [sic] were all at the immediate scene to back up K-9 Unit B. Amos in an apprehension.

First Amended Complaint filed May 27, 2010 (ECF No. 11) at 1-2. After alleging that he was subjected to several different types of force, including being chewed by the dog, plaintiff alleges that he

> I've named Officers Rhalf and Hrabaks as defendants because they were witnesses to the excessive use of force and did nothing to prevent or stop it.

Id. at 4. The doctrine of "integral participation" relied on by the magistrate judge "does not require that each officer's actions themselves rise to the level of a constitutional violation."

Boyd, 374 F.3d at 780.  Providing armed backup or participating in a police action with knowledge that a particular form of force will be used without objecting to it may provide a basis for liability under the integral participation analysis.  See Boyd id.; see also Melear v. Spears, 862 F.2d 1177, 1186 (5th Cir. 1989) (cited in Boyd)(officer who provides armed back up at door while another officer searches apartment is "a full, active participant in the search, not a mere bystander.")

Here, while it is not clear from the allegations of the amended complaint whether defendant Rhalf was armed, plaintiff specifically alleges that defendant Rhalf was present to back-up the K-9 Unit in apprehending a suspect.  Liberally construed, the allegations of plaintiff's amended complaint are sufficient to suggest that defendant Rhalf was more than a mere bystander in the events complained of.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 13, 2014, are not adopted;

2. Defendant Rhalf's May 24, 2013 motion to dismiss (ECF No. 91) is denied; and

3. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED: March 31, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3